99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Eddie HSU, Defendant-Appellant.
 No. 95-1291.
 United States Court of Appeals, Second Circuit.
 Dec. 6, 1995.
 
 1
 APPEARING FOR APPELLANT: Irving B. Cohen, New York, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: Donald E. Clark, Asst. U.S. Atty., S.D.N.Y., New York, N.Y.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 7
 Eddie Hsu appeals from the February 22, 1995, judgment sentencing him, after his guilty plea, to 87 months in prison for conspiring to possess with intent to distribute cocaine. The District Court rejected Hsu's argument that, as a "middleman" in the drug transaction, he was entitled to a two-level reduction for a minor role in the offense. U.S.S.G. § 3B1.2(b).
 
 
 8
 In the Presentence Report, which Hsu does not challenge, the Probation Officer reported that Hsu had initiated contact with the Government's confidential informant and offered to arrange the deal, had negotiated the deal with the informant over at least six telephone conversations, had flown to New York and met with the informant to close the deal, and had agreed to take a twenty-five percent cut of the profits.
 
 
 9
 The District Court did not err in finding that Hsu was not entitled to the adjustment. Hsu was not entitled to an adjustment merely because of his status as "middleman" in the transaction. United States v. Shonubi, 998 F.2d 84, 90 (2d Cir.1993); see also United States v. Garcia, 920 F.2d 153, 155 (2d Cir.1990) (mere status as "courier" did not warrant minor role reduction); United States v. Adames, 901 F.2d 11, 13 (2d Cir.1990) (minor role reduction denied to "steerer" who negotiated and attempted to perform deal). Nor was he entitled to a reduction simply because he may have been less culpable than his codefendants. United States v. Lopez, 937 F.2d 716, 728 (2d Cir.1991). Instead, the Court was required to compare Hsu's culpability with that of the average perpetrator of this offense. U.S.S.G. § 3B1.2, comment. (backg'd) (adjustment intended for offender less culpable than "the average participant"); United States v. Pena, 33 F.3d 2, 3 (2d Cir.1994); Lopez, 937 F.2d at 728. Because of Hsu's active involvement in the crime from its inception to its interruption by arrest, the District Court could properly find that Hsu was no less culpable than the average drug conspirator.
 
 
 10
 Hsu argues that the District Judge failed to apply the reduction because she believed that she had no discretion to grant such a reduction for a "middleman" to a drug transaction. The record shows, however, that the District Judge noted only that the law of this Circuit did not permit her to grant the adjustment merely because of Hsu's status in the crime. The District Judge correctly understood the issue to turn on a question of fact: whether Hsu's conduct, however labelled, constituted only a "minor role" in the offense. The District Judge determined that it did not and refused to reduce the sentence.