# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3871

_____

United States of America,                 *
                                         *

      Plaintiff - Appellee,         *
                                           *   Appeal from the United States

v.                               *   District Court for the
                                           *   District of Minnesota.

Robert James Deans,               *
                                         *

      Defendant - Appellant.     *

_____

Submitted: October 23, 2009
Filed: January 11, 2010

_____

Before LOKEN, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

LOKEN, Chief Judge.

Robert James Deans pleaded guilty to conspiracy to distribute approximately nine ounces of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. At sentencing, the district court[1] determined an advisory guidelines sentencing range of 51 to 63 months and sentenced Deans to 60 months in prison and five years of supervised release. Deans appeals, arguing the district court clearly erred in denying a two-level adjustment based on his minor role in the offense, see U.S.S.G. § 3B1.2(b); imposed an unreasonable sentence by refusing a downward departure or

_____

[1]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota.

variance because his criminal history category over-represents the seriousness of his criminal history; and committed procedural error by failing to explain an upward departure in the term of supervised release. We affirm.

## I. The Minor Role Issue.

Deans first argues that the district court committed procedural error in applying the advisory Guidelines when it denied a two-level minor role reduction. This adjustment applies when the defendant is "less culpable than most other participants," but his role was more than minimal. U.S.S.G. § 3B1.2 comment. (n.5). "A defendant's role in the offense is measured by the relevant conduct for which he is held responsible. Once the district court has determined the relevant conduct, each participant's actions should be compared against the other participants, and each participant's culpability should be evaluated in relation to the elements of the offense." United States v. Payne, 377 F.3d 811, 816 (8th Cir. 2004), vacated on other grounds, 543 U.S. 1112 (2005). Deans has the burden of proof on this issue; whether he played a minor role in the offense is a question of fact that we review for clear error. United States v. Godinez, 474 F.3d 1039, 1042-43 (8th Cir. 2007).

Deans was released from federal prison in May 2007. In the Plea Agreement, he admitted that he called his co-defendant, Jason Zeimes, and agreed to provide Zeimes "the name of individuals who would buy cocaine," and to "set the protocol for the first sale." The Agreement recites that, in October and November, Zeimes sold 233 grams of cocaine on three occasions to the same person "on an arrangement made by [Deans]," and Deans further admitted that he introduced the buyer to Zeimes "for the purpose of distributing cocaine." The parties did not agree on the significance of Deans's role in the conspiracy offense, leaving that sentencing issue to the discretion of the district court. At the change-of-plea hearing, Deans told the court that the buyer was a friend who pestered Deans to "hook him up with some drugs" until Deans finally introduced the buyer to Zeimes, expecting to be paid $100 for each ounce of

cocaine Zeimes sold. Deans was not aware that the buyer had contacted law enforcement and was serving as a confidential informant (CI).

The Offense Conduct section of the Presentence Investigation Report (PSR) recited that the CI contacted law enforcement agents in May 2007 and told them that Deans, while in federal prison, said he could supply the CI large amounts of narcotics and that his supplier was Zeimes, whom Deans had met in prison. After the CI called Deans seeking to purchase drugs, Deans and an associate met with the CI and an undercover officer in July 2007. Deans told the CI that Zeimes was not comfortable meeting with the CI and that the initial drug deals would go through the associate. Between July and October, the CI and the undercover officer had several conversations with Deans regarding drug sales, the fronting of money for drugs, the quantities of drugs, and the compensation Deans expected. Deans then called the undercover officer in early October, gave him Zeimes's phone number, and informed him that Zeimes would contact him to arrange the drug deal. Two days later, Zeimes sold the undercover officer approximately 50.7 grams of cocaine. Zeimes sold the officer an additional 182.5 grams of cocaine in two transactions on October 12 and on November 1, when Zeimes was arrested. The PSR concluded that Deans "is considered an average participant."

Deans objected to the PSR's failure to recommend a minor role adjustment. In a written sentencing Memorandum, Deans "objected to various statements of the offense conduct as contained in the PSR," but did not challenge any specific statement. Rather, Deans argued that he deserved a minor role adjustment "because he simply connected the co-defendant Zeimes with an undercover officer," which resulted in the initial sale of 50.7 grams of cocaine. Although Deans had "some communication" with the undercover officer about his compensation between the first and third sales, Deans asserted there was "nothing to indicate Deans was in any way involved in the subsequent sales," nor was he ever paid. Therefore, he argued, he

-3-

played a minor role in the overall 233-gram conspiracy. The government's Response argued that Deans did not deserve a minor role reduction:

> But for the efforts of the defendant, including: providing the name of the source; requesting that the initial purchase take place through the use of a third person; determining the protocol for the transactions; and requesting payment for all of the transactions that occurred; the sale of powder cocaine in this case would not have taken place.

As neither side requested an evidentiary hearing, this issue was argued at sentencing on the written record. The district court first asked if there was any objection to "the actual recitation concerning the criminal events" in the PSR. Counsel for Deans responded that he was just objecting to "some of the wording with regard to Mr. Deans being an active dealer, and . . . who made the first contact." The court then adopted as its findings the fact statements in the PSR. The district court's approach to this issue was sound. See United States v. Carpenter, 487 F.3d 623, 626 (8th Cir. 2007); United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999). Therefore, Deans's contention that the court's findings of fact were clearly erroneous was not properly preserved for appeal and is without merit.

Turning to the main issue, Deans argues that he warrants a minor role reduction because he did not package, protect, distribute, or even examine the cocaine, and did not schedule the last two transactions, making him a minor participant in the three-transaction conspiracy when compared to co-defendant Zeimes. In finding that Deans was not a minor participant, the district court noted that he was "intimately involved in the first [of the three drug transactions] and was to have been compensated for his efforts." "I don't find [Deans] to be a minor participant at all," the court explained. "He was a knowing, willing participant and did not have a minor role. . . . The fact that [Zeimes] then went on to do two other [drug deals], I don't find that that makes [Deans] a minor [participant]."

Numerous decisions have upheld the denial of minor role adjustments to defendants who served as middlemen or "steerers," like Deans, because those participants play a critical role in illicit drug trafficking by "directing prospective buyers to sellers who wish to remain hidden from public view." United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993); see United States v. Johnson, 408 F.3d 535, 539 (8th Cir. 2005); United States v. Hsu, No. 95-1291, 1995 WL 723121, at *1 (2d Cir. Dec. 6, 1995) (unpublished). After meeting drug supplier Zeimes in prison, Deans agreed to provide Zeimes with names of cocaine purchasers. He introduced the CI and an undercover officer to Zeimes, set the protocol for the first transaction, and then continued to discuss drug sales and his expected compensation until the conspiracy collapsed with Zeimes's arrest. While Deans is arguably less culpable than Zeimes if the focus is only on the three 233-gram transactions, "merely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was deeply involved in the offense." Payne, 377 F.3d at 816 (quotation omitted). The district court did not clearly err in denying this two-level adjustment.

## II. The Reasonableness Issue.

Deans next argues that the district court's sentence was substantively unreasonable because the court refused to grant a downward departure or variance after rejecting Deans's request to exclude two uncounseled misdemeanor convictions in calculating his criminal history points (a ruling Deans does not appeal). We review the reasonableness of a sentence under a deferential, abuse-of-discretion standard. If the sentence is within the advisory guidelines range, as in this case, we may apply a presumption of reasonableness. Gall v. United States,552 U.S. 38, 51 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

The Criminal History section of the PSR recited that Deans has nineteen adult convictions beginning in 1971, when he was eighteen years old. Fourteen of those

convictions were assessed no criminal history points. Given this record, the contention that he deserved a downward departure or variance because the advisory guidelines determination placing him in Criminal History Category VI resulted in an overstatement of his criminal history is, in our view, frivolous. There was no abuse of discretion.

### III. The Supervised Release Issue.

Finally, Deans argues that the district court committed procedural error when it failed to explain an upward departure in sentencing Deans to five years of supervised release, rather than the applicable three-year term. This contention is based upon a flawed reading of the applicable statutes and Guidelines provisions. Deans pleaded guilty to violating statutes that mandate a term of supervised release of "at least 3 years." 21 U.S.C. § 841(b)(1)(C). The Plea Agreement expressly stated that he was subject to a statutory term of supervised release "of at least three (3) years up to a maximum term of life." At the change-of-plea hearing, Deans expressly acknowledged that he understood this requirement.

Deans nonetheless argues that U.S.S.G. § 5D1.2(a)(2) provides for a term of "[a]t least two years but not more than three years" for his Class C felony. However, that provision is subject to the exception in § 5D1.2(c), which provides that the term imposed "shall not be less than any statutorily required term of supervised release." Here, the relevant sentencing statute, 21 U.S.C. § 841(b)(1)(C), expressly trumps the generally applicable terms of supervised release set forth in 18 U.S.C. § 3583(b), which are the statutory bases for § 5D1.2(a). See United States v. Scott, 243 F.3d 1103, 1107-08 (8th Cir.), cert. denied, 534 U.S. 931 (2001). Thus, imposition of a five-year term was neither an upward departure nor procedural error.

The judgment of the district court is affirmed.

_____