# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1258

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Sukhdev Sam Singh, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 14, 2010
Filed: August 19, 2010

_____

Before LOKEN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Sukhdev Singh, an Illinois gas station owner, was contacted as a possible purchaser of nine former Phillips 66 gas stations in Des Moines and Sioux City, Iowa, being sold by Molo Oil Company. To secure financing, Singh approached Surinder Multani, whose company helped broker loans guaranteed by the Small Business Administration (SBA) through a private lender. Singh and Multanti, participating in a more extensive fraud by the lender's officers, submitted false financial statements, purchase contracts, bank statements, and promissory notes that induced the SBA to guarantee loans to purchase the Iowa gas stations. When the gas stations failed and the scheme unraveled, Singh and Multani were indicted on eleven counts of mail fraud, wire fraud, and conspiracy to commit fraud. Multani pleaded guilty, admitting

that he owed over $6,000,000 in restitution for four fraudulent loans to Iowa corporations. The government then filed a superseding indictment charging Singh with an additional count of making a false statement in violation of 18 U.S.C. § 1001. On the same day, Singh pleaded guilty to that count, and the government dismissed the remaining counts. The district court[1] sentenced Singh to 24 months in prison, the bottom of his advisory guidelines range. Singh appeals the court's denial of a minor role reduction under U.S.S.G. § 3B1.2. Finding no clear error, we affirm.

In the plea agreement, Singh admitted that, as part of the closing of one Iowa gas station loan, which we will refer to as the AG II loan, he faxed a HUD-1 Settlement Statement to the other loan participants knowing it contained a material misrepresentation that the gas stations were being purchased by another person when in fact all but two were being purchased by Singh, who was ineligible for an additional SBA loan. The Presentence Investigation Report (PSR) determined that the actual loss on that loan was $912,867.33. In addition to the loss related to that loan, Singh "acknowledged" that Multani caused additional fraudulent documents to be submitted in connection with financing the Iowa transactions, and he agreed to make restitution on a second Iowa gas station loan we will refer to as the AG III loan.

At sentencing, Singh moved a for a minor role reduction, arguing that Multani was the principal architect and main actor in the fraud scheme. In determining the advisory guidelines sentencing range, the district court found that Singh was responsible for the actual loss of $912,867.33 on the AG II loan, resulting in a 14 offense-level increase under U.S.S.G. § 2B1.1(b)(1)(H). The court denied a minor role reduction because -

> The Court doesn't believe the facts entitle the defendant to a mitigating role based upon the relevant conduct as revealed by the

---

[1]The HONORABLE ROBERT W. PRATT, Chief Judge of the United States District Court for the Southern District of Iowa.

[PSR]. . . . I think the offense level of 17 accurately captures what happened in the case.

The court sentenced Singh to 24 months in prison, the bottom of his advisory range of 24-30 months in prison. Consistent with the plea agreement, the court ordered restitution of $2,008,964.39, the actual loss on the AG II and AG III loans combined.

On appeal, Singh raises a single issue, whether the district court clearly erred in denying a two-level, minor role reduction. The reduction applies to a defendant who is substantially less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2, comment. (n. 5). In evaluating comparative culpability, "[a] defendant's role in the offense is measured by the relevant conduct for which he is held responsible." United States v. Deans, 590 F.3d 907, 909 (8th Cir. 2010) (quotation omitted). The defendant has the burden of proof on this issue, which is a question of fact we review for clear error. Id.

In this case, Singh admitted making a materially false statement that induced SBA's guarantee of the AG II loan, proof that he played "an integral role" in the 18 U.S.C. § 1001 offense. United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). Even if that loan was the full extent of his actual criminal conduct, "merely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was deeply involved in the offense." Deans, 590 F.3d at 911. But here, while Singh's relevant conduct for offense-level purposes was the actual loss of $912,867.33 on the AG II loan, his admitted relevant conduct for restitution purposes was over $2,000,000. Had the actual loss on the AG III loan been added to Singh's offense-level relevant conduct, it would have increased his total offense level by two levels. See U.S.S.G. § 2B1.1(b)(1)(I). In these circumstances, the district court did not clearly err in denying a minor role reduction. "If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a

reduction for a mitigating role under this section ordinarily is not warranted." U.S.S.G. § 3B1.2, comment. (n.3(B)).

The judgment of the district court is affirmed.

_____