# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2011

_____

United States of America,

*Plaintiff - Appellee*,

v.

Bart Kevin Waddell, Jr.,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 14, 2016
Filed: August 2, 2016

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and MOODY,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Bart Waddell pleaded guilty to one count of robbery and aiding and abetting robbery and one count of conspiracy to commit robbery, in violation of the Hobbs

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

Act. *See* 18 U.S.C. § 1951. The district court[2] sentenced Waddell to 57 months' imprisonment. Waddell appeals and argues that the district court committed procedural error when determining his sentence. We affirm.

Waddell's conviction arose from a robbery that occurred in June 2014. Two of Waddell's associates, Leonard Landt and Snofawn Torres-Webber, hatched a plan to rob a man in Cedar Rapids, Iowa. Landt and Torres-Webber knew that the intended victim was a drug dealer, and they told him about a prospective buyer of methamphetamine. The victim, unaware that he was the mark, drove Landt and Torres-Webber to Waddell's apartment, expecting to meet the buyer.

When the group arrived at Waddell's apartment, Landt and Torres-Webber entered the apartment and informed Waddell of their intentions. At some point, the trio began to record their conversations on a cellular telephone. In a matter of minutes, they agreed on a course of action. They discussed how much force to use during the robbery and decided to use physical force but no weapons. Landt referred to Waddell as a "sergeant at arms" and spoke of Waddell's ability to intimidate and harm others.

The three robbers then proceeded to the victim's car. They entered the vehicle, with Torres-Webber sitting in the front passenger seat, Landt sitting behind the victim, and Waddell sitting beside Landt and behind Torres-Webber. As the camera continued to record, Landt placed the victim in a chokehold and threatened to harm him. Torres-Webber and Waddell looked for drugs and money and asked the victim where to find those items. After they located the victim's backpack, Waddell took it back to the apartment. Landt and Torres-Webber followed shortly thereafter. Landt

---

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

and Torres-Webber kept the drugs and money that the group seized from the victim; Waddell did not share in the proceeds.

Waddell complains that the district court, in calculating a sentencing range under the advisory guidelines, should have adjusted his offense level downward based on a mitigating role in the offense. A downward adjustment applies where a defendant is a minor participant, a minimal participant, or something in between. USSG § 3B1.2 & comment. (nn.4-5) (2014). Under the guideline in effect at the time of sentencing, *see* USSG § 1B1.11(a), the sentencing court was directed to make a downward adjustment if the defendant played "a part in committing the offense that makes him substantially less culpable than the average participant." USSG § 3B1.2, comment. (n.3). We review the district court's ruling for clear error. *United States v. Bradley*, 643 F.3d 1121, 1128 (8th Cir. 2011).

The district court rejected Waddell's bid for a mitigating role adjustment. The court described the video of the robbery as "chilling" and "very alarming." The court found that "Waddell was a participant in the planning, where there was a discussion of use of guns, use of a knife, or whether just fists would be used or physical force." Waddell, the court observed, "was referred to as the enforcer and clearly knew what was going to happen." The court found that Waddell was "very much a participant in creating intimidation to facilitate the robbery," noting that he is around six feet tall and 230 pounds, and that he was "there to provide the physical intimidation to search the person of [the victim] for drugs and money that they intended to steal." For these reasons, the court found that Waddell did not meet his burden to show that he was substantially less culpable than either Landt or Torres-Webber, and that a mitigating role adjustment was not appropriate.

We discern no clear error in these findings. Waddell was the purported "buyer" of methamphetamine who completed the ruse that was employed to lure the victim into a false sense of security. His presence as an enforcer served to intimidate the

victim, and he personally seized the proceeds of the robbery and carried them to his apartment. Although Waddell did not concoct the criminal scheme, there was evidence that he understood the scope and structure of the criminal activity, participated in planning the criminal activity, and committed acts that were important to the robbery. Waddell points out that he did not exercise decision-making authority, share in the robbery's proceeds, or join Landt in physically assaulting the victim in the car. But whether to apply the mitigating role adjustment is "heavily dependent upon the facts of the particular case," USSG § 3B1.2, comment. (n.3(C)), and the evidence here does not compel the conclusion that Waddell was "substantially less culpable" than the average participant. Several relevant factors supported the district court's conclusion, and the decision to deny the downward adjustment was not clearly erroneous.[3]

Waddell's second argument is that the district court impermissibly relied on facts in the presentence report to which he lodged an objection. When a defendant objects to facts in a presentence report, a district court may not rely on those facts to sentence the defendant unless the government first proves the facts by a preponderance of the evidence. *United States v. Bowers*, 743 F.3d 1182, 1184 (8th Cir. 2014). To register a proper objection, however, the defendant must make a clear and specific objection. *United States v. Davis*, 583 F.3d 1081, 1095 (8th Cir. 2009). When there is no proper objection, a district court may accept facts in the report as true and rely on them at sentencing. *Id.*

---

[3]The commentary to USSG § 3B1.2 was amended on November 1, 2015, after Waddell was sentenced, but new provisions that are contrary to circuit precedent are not applicable here. *See United States v. Walker*, 818 F.3d 416, 424 (8th Cir. 2016); *United States v. Renfrew*, 957 F.2d 525, 527 n.3 (8th Cir. 1992). In any event, the district court relied on several factors enumerated in amended application note 3(C) to § 3B1.2. Insofar as the amended commentary is merely clarifying, it does not establish a clear error.

In his sentencing memorandum, Waddell addressed two statements in the presentence report regarding his prior criminal convictions as follows:

> In regards to paragraph 29, the presentence report states that the defendant allegedly displayed a steak knife in a threatening manner to a prior girlfriend. The defendant disputes this statement.

> In regards to paragraph 31, the presentence report states that the defendant held a large kitchen knife to the neck of his father during an argument. The defendant disputes this statement.

At sentencing, the district court observed that Waddell's criminal history involved assaultive behavior. As to paragraph 29, the court recounted that Waddell grabbed the arm of his pregnant girlfriend and displayed a steak knife. Referring to Waddell's objection, the court stated that "[h]e claims he did not display the knife in a threatening manner, but apparently does not dispute that there was a knife." S. Tr. 30. As to paragraph 31, the court noted that Waddell assaulted his father with a kitchen knife, but did not rely in its findings on the fact that Waddell held the knife to his father's neck. *Id.*

Waddell complains that his written objections denied any use of a knife during the prior assaults, so the district court should not have relied on those facts. The district court, however, thought Waddell's objections did not deny that he used a knife, but disputed only how he used the knife. Waddell did not object at the hearing to the district court's interpretation, so we review only for plain error. *Id.*

The district court did not plainly err by concluding that there was no clear and specific objection to the report's information that Waddell used a knife in the two assaults. Although Waddell "disputed" certain statements in the presentence report, he did not clarify how the statements were in dispute. The district court interpreted the objections more narrowly than Waddell desired, but the interpretation was not

obviously wrong in light of the vague objections. Waddell then failed to clarify his objections at the hearing. Because the court reasonably concluded that Waddell did not clearly and specifically object to the statements in the report that he used a knife in prior assaults, the court did not plainly err by relying on those facts when determining Waddell's sentence.

The judgment of the district court is affirmed.

_____