KELLY, Circuit Judge,
dissenting.
I respectfully disagree that the district court explicitly ruled on Durham’s request for a 2-level reduction in her offense level pursuant to USSG § 3B1.2. While the district court did “deny the remainder of the objections in ... filing number 90” — the document in which Durham presented her objections to the presentence report and her request for a departure or variance— the court later revisited one of the very objections listed in filing number 90 and ruled in Durham’s favor. I also do not read the district court’s rulings on the § 3553(a) factors as a denial of the request for a role reduction. The court discussed factors such as deterrence and Durham’s progress on pretrial release, but did not address the participants’ relative culpability. See United States v. Deans, 590 F.3d 907, 909 (8th Cir. 2010) (noting that a determination of whether a defendant is entitled to a minor role reduction requires the district court to *913 first determine the defendant’s relevant conduct and then compare the defendant’s actions against those of the other participants in relation to the elements of the offense). In my view, the district court— not the appellate court — should have the opportunity in the first instance to decide whether Durham is entitled. to a 2-level reduction in her offense level for her role in the offense. See Molina-Martinez, 577 U.S. —, 136 S.Ct. at 1345. I offer no view on whether the reduction should be applied — indeed, this court lists several reasons why the reduction may not be appropriate. But I would leave that decision to the sound discretion of the district court. Accordingly, I respectfully dissent.