# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1212

_____

United States of America

*Plaintiff - Appellee*

v.

Broc Todd Waltermeyer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: January 8, 2018
Filed: March 30, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Broc Todd Waltermeyer challenges the sentence imposed after he pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing methamphetamine. We affirm.

The district court[1] determined that Waltermeyer was a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.). His criminal history category was VI, his total offense level was 34, and his Guidelines sentencing range was 262 to 327 months' imprisonment. The court granted the government's motion for a downward departure based on the substantial assistance Waltermeyer provided to authorities, see U.S.S.G. § 5K1.1, but denied Waltermeyer's motion for a departure or variance based on his claim that his criminal history category substantially over-represented the seriousness of his criminal history, see U.S.S.G. § 4A1.3; 18 U.S.C. § 3553(a). After determining that Waltermeyer's pre-departure sentence was 262 months' imprisonment, the court granted a twenty-five percent reduction and imposed a 196-month sentence.

We conclude that the district court did not abuse its discretion in denying Waltermeyer's motion for a downward variance. The district court described Waltermeyer's criminal conduct as "pretty consistent over a long period of time," characterizing it as "the kind of pattern of conduct that results in a guideline determination that we have a career offender." We find no error in the district court's observation that "this is exactly the kind of case that this structure in the sentencing law is designed to address." See United States v. Godinez, 474 F.3d 1039, 1043 (8th Cir. 2007) (upholding denial of variance where court had considered the § 3553(a) factors and decided to impose a sentence within the Guidelines range); see also United States v. Deans, 590 F.3d 907, 911 (8th Cir. 2010) (rejecting as "frivolous" defendant's argument that he deserved a downward variance in light of his decades-long criminal history that included nineteen adult convictions, five of which resulted in criminal history points).

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

We also conclude that the district court adequately considered Waltermeyer's medical condition and that the Guidelines-range sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

The judgment is affirmed.

_____