# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-1888
_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Alan Jones

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: January 11, 2022
Filed: February 18, 2022
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Marcus Jones was a courier for a drug-trafficking operation. Jones transported large amounts of methamphetamine from California to Arkansas to fill the dealer's orders and large amounts of money back to California to the supplier. In January and February of 2019, Jones made at least seven or eight round trips transporting drugs and money. He purchased most of the airline tickets himself. During one of those trips, Jones was questioned by police at the airport because he

was carrying $21,000.  In May 2019, Jones was arrested at a bus stop in New Mexico with 4.395 kilograms of methamphetamine duct-taped to his body.

After Jones waived his right to indictment, the Government filed an information charging him with conspiracy to distribute methamphetamine.  *See* 21 U.S.C. §§ 841(a)(1), 846.  Jones pleaded guilty.  Jones requested a minor-role adjustment under U.S.S.G. § 3B1.2(b), but the district court[1] denied his request.  It considered the unobjected-to facts in the presentence investigation report, explicitly compared Jones's role to that of another courier, noted the § 3B1.2 cmt. n.3(C) factors, and ultimately concluded that he did not meet his burden to show "that he was less culpable than the average participant."  Jones appeals.

We review a district court's determination that the defendant is not entitled to a minor-role reduction under § 3B1.2(b) for clear error.  *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir. 2019).  The defendant bears "the burden of establishing [his] entitlement to a minor-role reduction."  *United States v. Durham*, 836 F.3d 903, 911 (8th Cir. 2016).  "The Guidelines direct district courts to decrease the offense level by two levels '[i]f the defendant was a minor participant in any criminal activity.'"  *Ramirez-Maldonado*, 928 F.3d at 708 (quoting § 3B1.2(b)).  In determining whether to apply the reduction, "[t]he district court should consider . . . the defendant's knowledge, planning, authority, responsibility, and benefit from the illegal scheme."  *United States v. Kearby*, 943 F.3d 969, 977-78 (5th Cir. 2019); *see* § 3B1.2 cmt. n.3(C); *United States v. Waddell*, 831 F.3d 958, 960 (8th Cir. 2016).  "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative."  § 3B1.2 cmt. n.3(C).  The reduction applies to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity," § 3B1.2 cmt. n.3(A), even if his "role could not be described as minimal," § 3B1.2 cmt. n.5.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Jones argues that the district court clearly erred in denying the minor-role reduction because the guideline requires the district court to determine whether Jones was "substantially less culpable than the average *participant* in the criminal activity," whereas he argues that the district court considered only the relative culpability of Jones and another *courier*. *See* § 3B1.2 cmt. n.3(A) (emphasis added). As Jones notes, there were participants in the conspiracy who were not couriers. Jones also argues that the denial was clearly erroneous because the district court failed to address the factors in § 3B1.2 cmt. n.3(C). We disagree.

We have previously held that it was not clear error to deny a minor-role reduction to a defendant who was involved in a conspiracy "for at least three months" and delivered drugs "on at least one if not two occasions." *Ramirez-Maldonado*, 928 F.3d at 708. We have also explained that "merely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was deeply involved in the offense." *United States v. Cubillos*, 474 F.3d 1114, 1120 (8th Cir. 2007) (internal quotation marks omitted); *see also United States v. Deans*, 590 F.3d 907, 910 (8th Cir. 2010); *United States v. Lopez-Vargas*, 457 F.3d 828, 831 (8th Cir. 2006). Jones argues that the 2015 amendment to § 3B1.2 abrogated *Cubillos*, *Deans*, and *Lopez-Vargas* by clarifying that a defendant may receive a minor-role adjustment if he "is substantially less culpable than the average participant in the criminal activity," even if he "performs an essential or indispensable role in the criminal activity." *See* U.S.S.G. Supp. to App. C, Amend. 794 (effective Nov. 1, 2015). But the reasoning in *Cubillos*, *Deans*, and *Lopez-Vargas* does not contradict the amended guideline. Someone who is "less culpable" but still "deeply involved," *Cubillos*, 474 F.3d at 1120, is not "*substantially* less culpable than the average participant in the criminal activity," *see* § 3B1.2 cmt. n.3(A) (emphasis added), and just because someone's role is essential does not mean that he is "deeply involved." *See United States v. Hernandez Lopez*, --- F.4th ---, No. 20-3468, slip op. at 4 (8th Cir. Jan. 31, 2022) (reiterating after the 2015 amendment that a defendant "less culpable" than his co-conspirators is not entitled to a minor-role reduction if he was nonetheless "deeply

involved in the offense"); *United States v. Bandstra*, 999 F.3d 1099, 1102 (8th Cir. 2021) (same).

Jones's role in the conspiracy was to transport drugs and money between the methamphetamine supplier in California and at least one dealer in Arkansas. He also had contact with another dealer in Arkansas who received and distributed methamphetamine that came from California. Jones was involved in the conspiracy for at least five months, making at least seven or eight round trips in January and February 2019. Jones claims he was paid only $200 for each trip, which would suggest that he received little benefit for his part in the conspiracy. *See Kearby*, 943 F.3d at 977-78; § 3B1.2 cmt. n.3(C). Jones purchased most of his airline tickets himself, and he transported $21,000 during one of the trips. In the days leading up to Jones's arrest, he made or received fifty-six phone calls and text messages with the supplier. When Jones was arrested in May 2019, he had 4.395 kilograms of methamphetamine duct-taped to his body. Compared to two other couriers who were involved in the conspiracy, Jones was the only one caught with both money and drugs, *see Hernandez Lopez*, slip op. at 5, he made more trips between California and Northwest Arkansas or Tulsa than they did, and he was caught with more than twice as many drugs as the other courier who was caught with drugs.

From these facts, it was not clear error for the district court to find that Jones was not entitled to a minor-role reduction. Although the district court explicitly compared Jones's culpability only to another courier and not to the supplier and dealers, and it did not discuss every § 3B1.2 cmt. n.3(C) factor at length, it did not need to make extensive findings. *See United States v. Nkome*, 987 F.3d 1262, 1274 (10th Cir. 2021). And the district court correctly stated that application of the minor-role reduction "comes down to whether . . . Jones [was] an average participant when we compare the . . . relative culpability of all of the other defendants," not just other couriers. Considering "the totality of the circumstances," *see* § 3B1.2 cmt. n.3(C), it was not clearly erroneous for the district court to conclude that Jones was not substantially "less culpable than the average participant" and to deny the minor-role

reduction.  *See* § 3B1.2 cmt. n.3(A); *Ramirez-Maldonado*, 928 F.3d at 708; *Cubillos*, 474 F.3d at 1120.

For the foregoing reasons, we affirm Jones's sentence.

_____