# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-3493

———————————————

United States of America

*Plaintiff - Appellee*

v.

Luis Alberto Castro-Santos

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: September 18, 2023
Filed: November 17, 2023
[Unpublished]

——————————

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Luis Alberto Castro-Santos pleaded guilty to conspiracy to unlawfully produce, transfer, and possess with intent to use or transfer 5 or more documents or authentication features, in violation of 18 U.S.C. §§ 1028(a)(1)–(3) and 1028(f). The

district court[1] sentenced him to a 24-month term of imprisonment and 3 years of supervised release. Castro-Santos appeals the denial of a downward adjustment pursuant to § 3B1.2(b) of the United States Sentencing Guidelines (USSG) based on his minor role in the conspiracy.

## I.

Between Spring 2020 and April 2021, Castro-Santos mailed fraudulent documents from a post office in California to addresses in Fremont and Wakefield, Nebraska. He mailed dozens of packages that contained social security cards, state and foreign identification cards, and permanent resident cards on a weekly basis. Castro-Santos's role in the conspiracy was limited to mailing packages, which he knew contained fraudulent documents. In exchange, he was paid $50 for each mailing. Three Nebraska-based co-defendants then sold the documents they obtained from Castro-Santos.

Castro-Santos argued that a minor-role reduction was appropriate because his role in the conspiracy was limited to mailing packages of documents. He maintained that he was not involved in creating the fraudulent documents, arranging their sale, negotiating their price, or communicating with co-defendants. Moreover, he did not even know how many documents were in each package. Following review of the parties' briefing and oral arguments, the district court determined that Castro-Santos had not proven a mitigating role and denied his request for a downward adjustment.

## II.

Section 3B1.2 allows for a 2-level reduction in a defendant's base offense level if they were "a minor participant" and "less culpable than most other participants in the criminal activity." USSG § 3B1.2(b) (2021); id. comment. (n.5).

---

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

When considering whether a minor-role reduction is appropriate, "the district court should consider the defendant's knowledge, planning, authority, responsibility, and benefit from the illegal scheme." United States v. Jones, 25 F.4th 1077, 1079 (8th Cir. 2022) (quoting United States v. Kearby, 943 F.3d 969, 977–78 (5th Cir. 2019); citing USSG § 3B1.2 comment. (n.3(C)); United States v. Waddell, 831 F.3d 958, 960 (8th Cir. 2016)) (cleaned up). "[O]ur cases make it clear that merely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was 'deeply involved' in the offense." United States v. Bush, 352 F.3d 1177, 1182 (8th Cir. 2003) (citing United States v. West, 942 F.2d 528, 531 (8th Cir. 1991); United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995)).

It is the defendant's burden to prove he had a mitigating role in the offense. United States v. Young, 689 F.3d 941, 946 (8th Cir. 2012) (citing United States v. Mitchell, 613 F.3d 862, 870 (8th Cir. 2010)). "We review the district court's refusal to grant a minor role adjustment for clear error." United States v. Garcia, 946 F.3d 413, 418 (8th Cir. 2019) (quoting United States v. Price, 542 F.3d 617, 622 (8th Cir. 2008)).

Castro-Santos argues that he was entitled to a reduction under USSG § 3B1.2(b) because he played only a minor role, as an "unwitting courier," in the conspiracy. He maintains that he had no proprietary interest in the conspiracy and that he was "less culpable than the average co-conspirator," as shown by the government's lack of evidence that he was involved beyond the mailing of packages.

The district court's decision to deny a minor-role reduction was not clearly erroneous. The record reflects that for approximately one year, Castro-Santos knowingly mailed dozens of packages of fraudulent documents to Nebraska, where co-defendants then sold them. Even if he had less authority or responsibility over the conspiracy than his co-defendants, he benefited throughout, receiving $50 for each trip to the post office. Moreover, all fraudulent documents involved in the conspiracy had to be mailed by him before they could be sold. Castro-Santos's role may have

been limited to that of a type of courier. But mailing the contraband served an important function in the conspiracy, and Castro-Santos was a steady participant from the start of that conspiracy to its end. <u>See</u> <u>United States v. Pruneda</u>, 518 F.3d 597, 606 (8th Cir. 2008) (noting that when transportation of contraband is a key component of a conspiracy, a defendant's "self-acknowledged role as a . . . courier . . . does not entitle [them] to a minor participant role reduction" (citing <u>United States v. Martinez</u>, 168 F.3d 1043, 1048 (8th Cir. 1999))).

We affirm.

_____