# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3336
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Gonzalez Olivas

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: May 9, 2024
Filed: August 6, 2024
[Published]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Between April and June 2022, Brandon Gonzalez Olivas made four cross-country trips to transport methamphetamine. From Los Angeles, California, he acted at the direction of Luis Munoz to deliver the drugs to an individual named Saddam Duran Gonzalez in Des Moines, Iowa. On the first three trips, Gonzalez Olivas delivered a total of forty pounds of methamphetamine to Duran Gonzalez. During

his fourth and final trip, law enforcement officers stopped him near Denver, Colorado, and found nearly forty-five pounds of methamphetamine and a little over one kilogram of cocaine in his car. Most of the drugs seized were to be delivered to Duran Gonzalez.

In a post-Miranda interview,[1] Gonzalez Olivas told law enforcement about his prior trips to Iowa to deliver methamphetamine to Duran Gonzalez for Munoz. He also agreed to make two controlled deliveries of the drugs seized: he made one in Denver and the other in Des Moines. According to Gonzalez Olivas, Drug Enforcement Administration (DEA) agents told him that in exchange for his cooperation, he "would not be charged with a crime." He was released, given a contact telephone number, and told to "stay in touch."

Two months later, Gonzalez Olivas was charged in the Southern District of Iowa with one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He moved to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3), arguing that the government had breached an agreement not to prosecute, and he requested an evidentiary hearing on the issue. The district court[2] declined to hold a hearing and denied his motion, finding that the investigation reports of Gonzalez Olivas' cooperation included no facts that would establish "any offer, acceptance, or terms of a non-prosecution agreement." Gonzalez Olivas moved for reconsideration, again requesting an evidentiary hearing. The court denied the motion. Gonzalez Olivas then pleaded guilty.

At sentencing, the district court calculated a total offense level of 31, and criminal history category I, for an advisory Guidelines range of 108 to 135 months.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

[2]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

The court sentenced Gonzalez Olivas to 96 months of imprisonment, with three years of supervised release to follow.

Gonzalez Olivas raises two arguments on appeal. First, he argues that the district court abused its discretion when it denied his request for an evidentiary hearing on his motion to dismiss. "A district court must hold an evidentiary hearing only when the moving papers are sufficiently definite, specific, and detailed to establish a contested issue of fact." United States v. Stevenson, 727 F.3d 826, 830 (8th Cir. 2013); see Fed. R. Crim. P. 12(d) ("When factual issues are involved in deciding a motion, the court must state its essential findings on the record."). "We review a district court's decision whether to hold an evidentiary hearing for an abuse of discretion." United States v. Williams, 669 F.3d 903, 905 (8th Cir. 2012) (citation omitted).

The district court determined that Gonzalez Olivas offered only conclusory allegations "devoid of specific facts" identifying the agents in question or specific terms of the purported agreement, and thus had "fail[ed] to show the existence of a non-prosecution agreement." And because his "motion and supporting materials" were not "sufficiently definite, specific, and detailed" to create a factual dispute on this issue, the court determined Gonzalez Olivas was not entitled to an evidentiary hearing. Gonzalez Olivas asserts that a hearing would have given him "the opportunity to present to the Court his understanding of what the [DEA agents in Colorado] told him" about whether he would face criminal charges. He contends that, due to his limited education and ability to speak English, as well as his unfamiliarity with the legal system, he was unable to offer the type of specific evidence the district court required.

Gonzalez Olivas has not shown that the district court abused its discretion in denying his request. He does not explain what additional information he would have provided at a hearing, or how a favorable credibility determination would have overcome the lack of any other evidence of a promise not to prosecute. And he neither identifies evidence that he intended to offer at the hearing that would support

a finding that he entered a non-prosecution agreement, nor points to any discovery the government withheld that prevented him from establishing the existence of such an agreement.[3]

Second, Gonzalez Olivas argues that the district court erred when it denied his request for a minor-role reduction. If a sentencing court determines that a "defendant was a minor participant in any criminal activity," it should decrease the offense level by two. United States Sentencing Guidelines (USSG) § 3B1.2(b) (2021). Defendants who do "not have a proprietary interest in the criminal activity" and are only paid for less culpable tasks compared to other participants may be eligible, see § 3B1.2, comment. (n.3(C)), but we have held that it is their burden to establish that they only played a "limited function in the criminal activity," id. comment. (n.3(A)); see United States v. Jones, 25 F.4th 1077, 1079 (8th Cir. 2022) (explaining defendant must establish that they were not "deeply involved in the offense" and thus qualify for the minor-role reduction (quoting United States v. Cubillos, 474 F.3d 1114, 1120 (8th Cir. 2007))). "We review the district court's refusal to grant a minor role adjustment for clear error." United States v. Garcia, 946 F.3d 413, 418 (8th Cir. 2019) (quoting United States v. Price, 542 F.3d 617, 622 (8th Cir. 2008)).

Here, the district court found that Gonzalez Olivas did not qualify for the reduction because of the "huge quantities of methamphetamine" that he knowingly transported to Iowa on multiple occasions. Gonzalez Olivas points to his limited knowledge of the larger conspiracy and explains that he "was not well-compensated for the trips that he made." While these are relevant factors in the analysis, Gonzalez Olivas does not counter the findings the district court relied on to conclude the minor

---

[3]Gonzalez Olivas' failure to offer sufficient evidence of a non-prosecution agreement is also dispositive of his argument that the indictment should have been dismissed. As a result, we need not reach his argument regarding the fundamental fairness doctrine. See, e.g., United States v. Flemmi, 225 F.3d 78, 88 n.4 (1st Cir. 2000); United States v. Streebing, 987 F.2d 368, 373 (6th Cir. 1993); United States v. Carillo, 709 F.2d 35, 36 (9th Cir. 1983); United States v. Costello, 750 F.2d 553, 556 (7th Cir. 1984); United States v. Bailey, 74 F.4th 151, 159–60 (4th Cir. 2023).

role adjustment was not warranted. <u>See</u> <u>Jones</u>, 25 F.4th at 1080. We discern no clear error in the district court's decision.

We affirm the judgment of the district court.

_____