# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3356

_____

United States of America

*Plaintiff - Appellee*

v.

David Cartagena

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 8, 2017
Filed: May 18, 2017

_____

Before RILEY, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

David Cartagena pled guilty to one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A), and 846. The district court[1] sentenced him to 156 months imprisonment. He argues on appeal that the district court failed to consider the Sentencing Guideline factors for minimal-role adjustment to the offense level, erred in denying a minimal-role adjustment, and imposed an unreasonable sentence. We affirm.

In 2012, Angel Rivera began obtaining heroin for resell from sources in Mexico. In January 2015, Angel Rivera paid Cartagena and Frankie Rivera $10,000 plus expenses to travel by bus from Reading, Pennsylvania to Los Angeles with over $250,000[2] in cash. Angel Rivera instructed them to check into a hotel in Los Angeles, where they were contacted by Elisandra Varela and provided bundles of heroin in exchange for the cash. At her instruction, Cartagena and Frankie Rivera removed the cash from their own luggage and replaced it with the bundles of heroin. Cartagena and Frankie Rivera were then instructed by Angel Rivera to return to Reading by bus with the heroin in tow.

During the return trip Cartagena and Frankie Rivera encountered Kansas City, Missouri Police Department drug interdiction squad officers at the Greyhound Bus Station in Kansas City. The officers' canine alerted on luggage later determined to belong to Cartagena. When questioned, Cartagena explained that he was traveling with his long-time friend Frankie Rivera. Cartagena denied officers permission to search his luggage. He was taken into custody and a search warrant for the luggage was obtained and executed. In the luggage officers found three bundles of heroin later determined to weigh 3,989 grams.

---

[1]The Honorable Roseann Ketchmark, United States District Judge for the Western District of Missouri.

[2]When interviewed by law enforcement, Angel Rivera stated that Cartagena and Frankie Rivera actually transported $282,000.

While officers were speaking with Cartagena, other officers spoke with Frankie Rivera, who told them that he and Cartagena had just met. Frankie Rivera consented to the officers' search of his luggage in which officers found three bundles of heroin weighing 2,991 grams in a hidden compartment. Frankie Rivera agreed to cooperate with law enforcement and the ensuing investigation led to the arrest and indictment of Angel Rivera and Varela.

Prior to sentencing, Cartagena requested a four-level reduction in his Guideline offense level as a minimal participant in the criminal activity pursuant to USSG § 3B1.2(a). The presentence report did not recommend the reduction, and Cartagena objected. The district court—after considering the description of the offense conduct contained in the presentence report, Cartagena's objections to the presentence report, the probation officer's response to Cartagena's objections, and the argument of counsel—denied the minimal-participant reduction.[3]

Cartagena now contends that the district court committed procedural error in failing to consider the advisory factors set forth in the commentary to USSG § 3B1.2. The commentary provides:

> The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.
>
> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

---

[3]Prior to sentencing, Cartagena also filed a Sentencing Memorandum with exhibits which included law enforcement investigative reports.

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

USSG § 3B1.2, comment. (n.3(C)).

Cartagena contends the district court procedurally erred by failing to consider these advisory factors and by making no findings of fact in connection with its minimal role adjustment decision. See United States v. Barrientos, 670 F.3d 870, 873 (8th Cir. 2012) (district court commits procedural error by failing to consider factors listed in commentary to the guidelines). However, Cartagena did not object to this alleged procedural error and, accordingly, we review the issue for plain error. United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008) ("Procedural sentencing errors

are forfeited, and therefore may be reviewed only for plain error, if the defendant fails to object in the district court.").

> Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights. If these conditions are met, an appellate court may exercise its discretion to correct a forfeited error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."

United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008) (citations omitted); see also Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

Indeed, at sentencing the district court did not expressly refer to the factors set forth in the commentary to USSG § 3B1.2. However, assuming the district court procedurally erred by failing to consider these factors, for the error to affect substantial rights Cartagena "must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005) (en banc). From our review of the record as a whole, as more fully discussed below, Cartagena has not shown that he would have received a minimal role adjustment, much less that he would have received a lesser sentence, had the district court not procedurally erred.

The minimal-participant adjustment "applies to a defendant . . . who plays a minimal role in the criminal activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2, comment. n.4. "Whether a defendant played a minor role is a question of fact reviewed for clear error. The burden of proof rests with the defendant to prove that he played a minor role." United States v. Mitchell, 613 F.3d 862, 870 (8th Cir. 2010) (citation omitted).

Cartagena argues that his role in the criminal enterprise was merely that of a one-time courier without a proprietary interest in the heroin that he and his companion transported. He points out that the commentary to USSG § 3B1.2 also instructs: "[A] defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline." USSG § 3B1.2, comment. n.3(A). He also argues that, "when comparing Mr. Cartagena's role to that of the other participants, his culpability is significantly less."

The relevant commentary to USSG § 3B1.2 speaks in terms of eligibility for the minimal-role adjustment. Cartagena's eligibility for a minimal-role adjustment was not in dispute at sentencing and was implicitly acknowledged by the district court as it determined that under these circumstances the minimal-role adjustment should be denied. Our cases have made clear, however, that "merely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was 'deeply involved' in the offense." United States v. Bush, 352 F.3d 1177, 1182 (8th Cir. 2003).

Cartagena has a history of drug trafficking offenses. He and Frankie Rivera made a deal with Angel Rivera, in exchange for $10,000, not only to carry over a quarter of a million dollars cross-country but also to exchange that cash for almost seven kilograms of heroin, which they then transported back across the country. Significantly, Cartagena himself was in possession of 3,989 grams of heroin, and the entire quantity of the drugs was attributed to Cartagena for sentencing purposes. Cartagena and Frankie Rivera "were active, necessary, and well-compensated members of th[e] conspiracy. Their roles as couriers do not necessarily entitle them to the minor role adjustment. Transportation is an important component of an illegal drug distribution organization." United States v. Adamson, 608 F.3d 1049, 1054 (8th

Cir. 2010) (citation omitted). Thus, the district court did not plainly err in denying a minimal-role reduction.

Finally, Cartagena submits that considering his role in the offense and his criminal record, his sentence of 156 months—36 months above the mandatory minimum sentence—is substantively unreasonable as "greater than necessary to meet the statutory factors for sentencing." We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Mees, 640 F.3d 849, 856 (8th Cir. 2011). "[A]n abuse of discretion occurs where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Bryant, 606 F.3d 912, 921 (8th Cir. 2010) (internal quotation marks omitted).

In this case, the district court adequately considered the 18 U.S.C. § 3553(a) factors. The court expressly noted Cartagena's criminal history and sentencing consideration that has been afforded to him in the past; the increasing quantities of drugs that have been attributed to him; his history of probation violations; his history and characteristics, including family history; the nature and circumstances of the subject offense, and; the need to protect the public from future crimes. See 18 U.S.C. § 3553(a). Further, the court imposed a within-Guidelines sentence. United States v. Sandoval-Sianuqui, 632 F.3d 438, 444 (8th Cir. 2011) (sentences within the advisory Guideline range are presumed reasonable). Cartagena has not demonstrated that the district court abused its discretion in not giving more weight to his relative role in the offense. We therefore conclude that the sentence was not substantively unreasonable.

We affirm.

_____