# United States Court of Appeals
## For the Eighth Circuit

---

No. 17-2386

---

United States of America

*Plaintiff - Appellee*

v.

Elio Cruz Rodriguez

*Defendant - Appellant*

---

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

---

Submitted: September 25, 2018
Filed: December 11, 2018
[Unpublished]

---

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

---

PER CURIAM.

Elio Rodriguez pled guilty to aiding and abetting the possession of more than 500 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2. Rodriguez objected to the pre-sentence investigation report, seeking a three-level reduction in his base offense level for a mitigating role. See United States Sentencing Commission, Guidelines Manual,

§ 3B1.2. The district court[1] overruled his objection and imposed a sentence of 168 months imprisonment followed by five years of supervised release. Rodriguez argues the district court committed procedural error in denying him a mitigating-role reduction; failing to adequately explain why it denied his request for a mitigating-role reduction; and failing to evaluate all of the factors outlined in § 3B1.2 of the Sentencing Guidelines. We affirm.

I.

"In reviewing the district court's sentence, '[w]e must first ensure that the district court committed no significant procedural error.'" United States v. Salazar-Aleman, 741 F.3d 878, 880 (8th Cir. 2013) (alteration in original) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted)).[2] "A district court must 'adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" United States v. Durham, 836 F.3d 903, 910 (8th Cir. 2016) (quoting Feemster, 572 F.3d at 461). "The district court's . . . denial of a mitigating role reduction is a factual finding reviewed for clear error." Salazar-Aleman, 741 F.3d at 880 (citing United States v. Ellis, 890 F.2d 1040, 1041 (8th Cir. 1989) (per curiam)). Although we review the district court's factual findings for clear error, we review "its application of the guidelines to those facts de novo." United States v. Castillo, 713 F.3d 407, 411 (8th Cir. 2013) (citing United States v. Aleman, 548 F.3d 1158, 1163 (8th Cir. 2008)).

A reduction under § 3B1.2 is available "where the defendant's role 'makes him substantially less culpable than the average participant in the criminal activity.'"

---

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

[2]Rodriguez does not argue his sentence is substantively unreasonable.

United States v. Sharkey, 895 F.3d 1077, 1081 (8th Cir. 2018) (per curiam) (quoting USSG § 3B1.2, comment. (n.3(A))).  The reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group."  United States v. Cartagena, 856 F.3d 1193, 1196 (8th Cir. 2017) (quoting USSG § 3B1.2, comment. (n.4)).  In determining whether to grant a mitigating-role reduction, a district court should consider:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2, comment. (n.3(C)).  This inquiry is "heavily dependent upon the facts of the particular case."  Id.  To be sure, "[a] defendant who is concededly less culpable than his codefendants is not entitled to the minor participant reduction if that defendant was 'deeply involved' in the criminal acts."  United States v. Thompson, 60 F.3d 514, 518 (8th Cir. 1995) (quoting United States v. West, 942 F.2d 528, 531 (8th Cir. 1991)); see also Cartagena, 856 F.3d at 1197.

## II.

Rodriguez "bears the burden of proving that he is entitled to th[e] reduction." Salazar-Aleman, 741 F.3d at 880 (citing United States v. Chatman, 119 F.3d 1335, 1341 (8th Cir. 1997)).  Rodriguez argues he should have been given the reduction

because he was only involved in the offense to satisfy a drug debt, he was acting on behalf of others, he had no decision-making authority, and he was not paid to commit the offense.

In response to Rodriguez's initial request for a three-level reduction to the base offense level, the probation officer explained that a reduction would be inappropriate given that Rodriguez "was the primary actor in arranging the sale, mailing, and transport[ation] of [the] methamphetamine . . . ." Add. to Pre-Sent. Investig. Report. At sentencing, Rodriguez's counsel argued that Rodriguez should receive a role reduction because he did not "exercise any decision-making authority, nor did he financially profit from the crime itself." Sent. Tr. 7, ECF No. 51. Rodriguez also testified. The district court denied Rodriguez's request for a reduction and adopted the probation officer's reasoning. The district court stated it would "take the role issue into account as mitigation [towards the sentence]." Sent. Tr. 6. The district court understood Rodriguez had been acting at the direction of others but concluded that this fact was "properly and better taken into account as a matter of mitigation given that [he] was not just a courier . . . ." Sent. Tr. 10. The district court concluded that Rodriguez was "just doing too much under the factors that [it was] supposed to consider in 3B1.[2]." Sent. Tr. 10-11.

Based on the record before us, Rodriguez failed to meet his burden, and the district court's denial of a mitigating-role reduction was not clear error. See Durham, 836 F.3d at 910 (affirming the district court's denial of a mitigating-role reduction because "[t]he court's adoption of and clear references to the Probation Office's reasoning in the PSI Addendum provided adequate explanation for its denial of [the defendant]'s objection"). It is clear from the sentencing transcript that the district court considered the § 3B1.2 factors, even if it did not expressly address each one on the record. See United States v. Torres-Hernandez, 843 F.3d 203, 209 (5th Cir. 2016) (noting that a district court is "not required to expressly weigh each factor in § 3B1.2 on the record").

Further, an application of the factors weighs against granting Rodriguez the reduction. First, a confidential source reported knowing Rodriguez for several years and that Rodriguez had been involved in drug trafficking for the duration of that time. Pre-Sent. Investig. Report 3. Indeed, Rodriguez admitted that on one occasion he dealt 100 pounds of marijuana. Pre-Sent. Investig. Report 4. Second, during recorded phone conversations where he organized the transactions, Rodriguez told the confidential source that he could get a kilogram of methamphetamine from two locations in Texas. Pre-Sent. Investig. Report 3. The confidential source reported that Rodriguez was connected to major suppliers of methamphetamine. Pre-Sent. Investig. Report 3. Third, Rodriguez brokered the transactions, mailed a package containing methamphetamine, and transported the drugs by bus to Arkansas. Pre-Sent. Investig. Report 3-4. Finally, although he was not paid to commit the offense, successful delivery of the drugs would have satisfied a drug debt. Pre-Sent. Investig. Report 4. Rodriguez did not object to any of these facts. Sent. Tr. 7.

Rodriguez further argues that it is unclear whether the district court compared his role in the offense to that of other participants, which warrants remand. He cites United States v. Diaz-Rios, 706 F.3d 795 (7th Cir. 2013), in support thereof. Diaz-Rios is readily distinguishable for at least three reasons. First, there the government conceded that the district court did not adequately explain its ruling, and the court's independent review confirmed as much. Id. at 795. Second, there it was "unclear from the record whether the probation officer addressed [the defendant's objection to the absence of a reduction] before sentencing." Id. at 797. Finally, there, pursuant to circuit-specific case law, the court recognized that "[w]here the reasons for a ruling under § 3B1.2 are ambiguous, [it has] no choice but to remand for a more complete explanation." Id. at 799. None of these characteristics in Diaz-Rios are present here.

Rodriguez also argues that, to the extent the district court compared his level of culpability to that of his co-defendant, it did so erroneously because the government dismissed his co-defendant from the case after sentencing and, therefore,

the co-defendant was not a "participant" as defined in the Sentencing Guidelines. See USSG § 3B1.2, comment. (n.1). But a participant "is a person who is criminally responsible for the commission of the offense, [and] need not have been convicted." Id. § 3B1.1, comment. (n.1). The government asserts that Rodriguez's former co-defendant was present during the transportation of drugs from one location to another, and a cooler containing the methamphetamine was tagged in his name; thus, the mere fact that the government dismissed the indictment against the co-defendant is of no consequence.

### III.

We find no error in the district court's application of the Sentencing Guidelines, and we conclude that the district court did not clearly err in denying a mitigating-role reduction in this case. Accordingly, we affirm.

_____