# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3047
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Benitez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 10, 2019
Filed: July 18, 2019
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

On March 19, 2018, Benitez pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

Following a September 6, 2018, sentencing hearing the district court[1] sentenced Benitez to a term of 135 months' imprisonment, the low-end of the applicable advisory Sentencing Guidelines range. Benitez appeals the district court's denial of a minor role reduction. We affirm.

## I.    Background

On March 6, 2016, Arkansas State Police stopped Benitez for a traffic violation in Russellville, Arkansas. Benitez consented to a search of his vehicle. During the search, the trooper found 13 packages of methamphetamine hidden in two speaker boxes. Benitez stated that he was paid $5,000 to transport the drugs.

Benitez was arrested and transported to Russellville, Arkansas for questioning. After receiving his Miranda warnings, Benitez reported that a man named "Carlos" paid him to transport the methamphetamine from California to Atlanta, Georgia. According to Benitez, Carlos directed him to be in Atlanta by a specific time and Benitez would receive a phone call with additional instructions. Benitez agreed to transport the drugs. He rented a vehicle from a friend and met with an associate of Carlos who gave Benitez a box containing packages of methamphetamine. Benitez repackaged the drugs and placed them in the speaker boxes. Benitez then loaded the speaker boxes into the back of the vehicle. During the interview, Benitez stated he had previously made a similar trip.

Finding the offense involved more than 4.5 kilograms of methamphetamine, the court determined that the base offense level was 38. The court found Benitez qualified for a two-level reduction because he met the criteria under U.S.S.G. §5C1.2 (the safety valve provision). After awarding an additional three-levels for acceptance

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

of responsibility and timely notification of his intention to plead guilty, Benitez's total adjusted offense level was 33. Benitez was placed in criminal history category I, yielding an advisory Sentencing Guidelines range of 135 to 168 months. At the sentencing hearing, Benitez argued for a "minor role adjustment" pursuant to U.S.S.G. §3B1.2(b). The district court denied the request. Benitez filed a timely appeal.

## II.    Discussion

Benitez's sole argument on appeal is the district court erred in refusing to grant a mitigating-role reduction. "Whether a defendant played a minor role is a question of fact, reviewed for clear error." United States v. Young, 689 F.3d 941, 946 (8th Cir. 2012) (citing United States v. Mitchell, 613 F.3d 862, 870 (8th Cir. 2010)). Clear error exists when the court is left with a definite and firm conviction that a mistake was made, after viewing the record as a whole. United States v. Finley, 612 F.3d 998, 1002 (8th Cir. 2010) (quoting Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998)). Although we review the district court's factual findings for clear error, we review "its application of the guidelines to those facts de novo." United States v. Castillo, 713 F.3d 407, 411 (8th Cir. 2013) (citing United States v. Aleman, 548 F.3d 1158, 1163 (8th Cir. 2008)).

When assessing eligibility for a minor role reduction, the sentencing commission clarified in Amendment 794 that whether a defendant performed an essential or indispensable role in the criminal activity is not determinative. United States v. Hunt, 840 F.3d 554, 557 (8th Cir. 2016) (quoting U.S.S.G. §3B1.2, cmt. n.3(C)). Instead, the adjustment may be applied when the defendant is "substantially less culpable than the average participant in the criminal activity." United States v. Sharkey, 895 F.3d 1077, 1081 (8th Cir. 2018) (quoting U.S.S.G. §3B1.2, cmt. n.3(A)). When determining the defendant's level of participation in the offense for

purposes of a mitigating-role adjustment, the commentary to §3B1.2 provides that a district court should consider the following non-exhaustive factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. §3B1.2 cmt. n.3(C).

Benitez places great emphasis on distinguishing his conviction involving possession of drugs with intent to distribute from drug conspiracy cases. This case is not one where the government argued, or the district court found Benitez was ineligible for a mitigating-role reduction because of the nature of his offense. The relevant inquiry for resolution is whether Benitez has met the criteria entitling him to a reduction for purposes of calculating his applicable advisory Guidelines range. Based on our review of the record, Benitez failed to meet his burden, and the district court's denial of a mitigating-role reduction was not clear error.

Benitez asserts he was a minor participant in the offense because he was simply an "interchangeable mule" and thus the lowest level participant in the offense. We are unpersuaded by this argument for two reasons. First, we have noted the importance of transportation in a drug trafficking organization. United States v. Cartagena, 856 F.3d 1193, 1197 (8th Cir. 2017) (quoting United States v. Adamson, 608 F.3d 1049, 1054 (8th Cir. 2010)). Second, the district court, in denying Benitez's request for a minor role reduction, found Benitez was not an uninformed or

-4-

unknowing mule. The court explained that Benitez obtained the form of transportation, knew the type and quantity of drugs involved, and undertook efforts to repackage and conceal the drugs inside the vehicle. Even though the district court did not expressly restate the §3B1.2 factors, the record demonstrates that the district court considered the appropriate factors and did not commit clear error when making its factual determinations. See United States v. Rodriguez, 755 F. App'x 598, 600 (8th Cir. 2018) (citing United States v. Torres-Hernandez, 843 F.3d 203, 209 (5th Cir. 2016) (stating "[t]he district court [is] not required to expressly weigh each factor in §3B1.2 on the record")).

An examination of the record and an application of the factors weighs against granting Benitez a mitigating-role reduction. Benitez agreed to transport drugs for extra money. He located and rented the vehicle to be used to transport the drugs. Pre-Sent. Investig. Report. After Benitez received the 13 packages of methamphetamine, approximately 16,020 grams, he secreted them inside two speaker boxes. Pre-Sent. Investig. Report. Benitez admitted to making a previous trip with similar drugs concealed in the same manner. Pre-Sent. Investig. Report. Benitez did not object to any of these facts. Although Benitez argues he was a mere mule, these uncontested facts demonstrate a level of knowledge of the scope of the criminal activity that is inconsistent with finding him a mere mule. Given the uncontested facts demonstrating a level of planning and involvement, and a degree of decision-making, the district court did not clearly err in denying a mitigating-role reduction.

## III. Conclusion

We find no error in the district court's application of the Sentencing Guidelines, and we conclude that the district court did not clearly err in denying a mitigating-role reduction in this case. Accordingly, we affirm.

_____