# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3746
_____

United States of America

*Plaintiff - Appellee*

v.

Ramiro Salazar-Aleman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: September 27, 2013
Filed: December 23, 2013
_____

Before WOLLMAN, SMITH, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Ramiro Salazar-Aleman pled guilty to aiding and abetting the possession of more than 500 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2. Salazar-Aleman objected to the pre-sentence investigation report, seeking a reduction in his offense level for a mitigating role pursuant to United States Sentencing Guidelines Manual

§ 3B1.2 (2011). The district court[1] denied this objection and imposed a sentence of 108 months, the lowest end of the calculated guidelines range. Salazar-Aleman filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting his trial counsel was ineffective for failure to file a notice of appeal as requested. The district court granted the motion and re-sentenced Salazar-Aleman. Now on appeal, Salazar-Aleman contends his sentence is both procedurally unsound and substantively unreasonable. He argues the district court erred in refusing to apply a mitigating role reduction and failed to give proper weight to the 18 U.S.C. § 3553(a) sentencing factors. We affirm.

## I. Background

In December 2010, Drug Enforcement Administration (DEA) agents were conducting surveillance on a suspected "stash house" for methamphetamine when agents observed a vehicle leave the garage and return several times. On the last trip, the Sheriff's Office executed a traffic stop. Salazar-Aleman was driving the vehicle accompanied by a passenger. During the course of a consensual search of the vehicle, the officers discovered 831.7 grams of methamphetamine hidden in the trunk. Salazar-Aleman states that he was unpaid for his services, but knew drugs were being loaded into the vehicle. He was indicted for conspiracy to distribute methamphetamine as well as aiding and abetting the possession with intent to distribute methamphetamine. Salazar-Aleman pled guilty to the aiding and abetting charge, and the conspiracy count was dismissed after sentencing.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

## II. Discussion

In reviewing the district court's sentence, "[w]e 'must first ensure that the district court committed no significant procedural error.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). We then consider whether the sentence is substantively reasonable. Id.

### A. Mitigating Role Reduction

Salazar-Aleman first argues the district court committed procedural error by denying him a mitigating role reduction pursuant to § 3B1.2 of the sentencing guidelines. Section 3B1.2 provides for a two- to four-level reduction in a defendant's offense level when the defendant "plays a part in committing the offense that makes him substantially less culpable." U.S.S.G. § 3B1.2, cmt. n.3(A). The district court's grant or denial of a mitigating role reduction is a factual finding reviewed for clear error. United States v. Ellis, 890 F.2d 1040, 1041 (8th Cir. 1989); see also United States v. Young, 689 F.3d 941, 946 (8th Cir. 2012), cert. denied, 133 S. Ct. 902 (2013), and cert. denied, 133 S. Ct. 1475 (2013). The defendant bears the burden of proving that he is entitled to this reduction. United States v. Chatman, 119 F.3d 1335, 1341 (8th Cir. 1997); see also Young, 689 F.3d at 946.

As the sentencing guidelines make clear, a defendant's entitlement to a mitigating role reduction requires a comparative analysis: "each participant's actions should be compared against the other participants, and each participant's culpability should be evaluated in relation to the elements of the offense." United States v. Deans, 590 F.3d 907, 909 (8th Cir. 2010) (quotation omitted). Salazar-Aleman never compares his culpability to that of his co-defendants, such as the vehicle's passenger or others involved with the stash house. And the record is similarly lacking in these details. See United States v. Bueno, 443 F.3d 1017, 1022 (8th Cir. 2006) (reversing

a district court's grant of a reduction when defendant "offered no evidence of the relative culpabilities of other participants in the offense and therefore did not carry his burden of proving that he was eligible for the reduction").

Instead of this comparison, Salazar-Aleman emphasizes his involvement was limited to being a courier in a single transaction. Even if we accept these assertions as true, the Eighth Circuit has never found someone's role as a courier in and of itself sufficient to warrant a mitigating role reduction. See, e.g., United States v. Pruneda, 518 F.3d 597, 606 (8th Cir. 2008) (rejecting an argument for a reduction based on the defendant's role as a courier because "transportation of the drugs is 'a necessary part of illegal drug distribution'") (quoting United States v. Martinez, 168 F.3d 1043, 1048 (8th Cir. 1999)). Similarly, a defendant's involvement in a single transaction does not compel a finding of clear error. See United States v. Alverez, 235 F.3d 1086, 1090–91 (8th Cir. 2000) (upholding the denial of a mitigating role reduction for the driver in a single transaction). Based on the record before us, Salazar-Aleman has failed to meet his burden, and the district court's denial of a mitigating role reduction was not clear error.

## B. 18 U.S.C. § 3553(a) Sentencing Factors

Salazar-Aleman next argues the district court committed procedural error in failing to properly consider all the sentencing factors in 18 U.S.C. § 3553(a). We review sentences "whether inside or outside the Guidelines range" under "a deferential abuse-of-discretion standard." Feemster, 572 F.3d at 461 (quotation omitted).

More specifically, "[w]e do not require a district court to provide a mechanical recitation of the § 3553(a) factors . . . . Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." Id. at 461 (quotation omitted); see also Rita v. United States, 551 U.S.

338, 358–59 (2007) (acknowledging that the judge could have said more about considering the sentencing factors, but the record made clear he "listened to each argument" for a below-guidelines sentence). The record in this case makes clear that the district court considered the § 3553(a) factors. The district court expressly stated, "I've [] reviewed all of those sentencing factors set out in § 3553(a)" and specifically invited Salazar-Aleman to underscore any of the factors for particular consideration. There is no evidence in the record to suggest the district court did not consider the arguments Salazar-Aleman presented, and we find no procedural error.

## C. Substantive Reasonableness

Finally, Salazar-Aleman argues his sentence was substantively unreasonable because the district court improperly weighed the § 3553(a) factors. The substantive reasonableness of a sentence is also reviewed for abuse of discretion. Feemster, 572 F.3d at 461 (citing Gall, 552 U.S. at 51). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (quotation omitted).

This deferential standard of review is coupled with a district court's wide discretion. The district court "has substantial latitude to determine how much weight to give the various factors under § 3553(a)." United States v. Ruelas-Mendez, 556 F.3d 655, 657 (8th Cir. 2009); see also United States v. Gasaway, 684 F.3d 804, 808 (8th Cir. 2012) ("It was within the court's discretion to determine what weight to give each factor in the determination of [the defendant's] sentence."). Here, the district court expressly stated it had taken into account all § 3553(a) factors and imposed a sentence at the bottom of the calculated guidelines range. Salazar-Aleman argues that if the district court had properly weighed the factors, the court "would have realized that only the serious[ness] of the offense, due to the drug quantity, supported a within

-5-

guidelines range sentence." The district court acknowledged that Salazar-Aleman is married and has close family ties, has attended Narcotics Anonymous and continuing education classes while incarcerated, and has a limited criminal history. The district court also recommended participation in drug treatment as part of his sentencing, and urged Salazar-Aleman to further his education. Though 108 months is a lengthy sentence, we cannot say the district court abused its discretion.

### III. Conclusion

For these reasons, the judgment of the district court is affirmed.

_____