# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2281

_____

United States of America

*Plaintiff - Appellee*

v.

Abraham Sanchez-Angeles, also known as Cruz Montana-Torres

*Defendant - Appellant*

_____

No. 14-2300

_____

United States of America

*Plaintiff - Appellee*

v.

Abraham Sanchez-Angeles, also known as Cruz Montana-Torres

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 2, 2014
Filed: December 5, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Abraham Sanchez-Angeles directly appeals the sentences imposed by the district court[1] in his criminal case and in his supervised-release revocation proceeding. After careful review, we affirm.

While serving a 3-year term of supervised release, Sanchez was convicted of a felony in state court, and was indicted in federal court. He pleaded guilty to the federal indictment, which charged him with illegally reentering the country having been previously deported after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). At his combined sentencing and revocation hearing, the district court imposed consecutive prison sentences of 30 months on the reentry conviction, and 14 months on the supervision revocation. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which counsel argues that the 44-month aggregate sentence is substantively unreasonable.

We find no abuse of discretion in the sentences imposed. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (this court reviews sentence under deferential abuse-of-discretion standard); United States v. Miller, 557 F.3d 910, 915-16 (8th Cir. 2009) (this court reviews revocation sentence using same standards it applies when reviewing initial sentence). The district court adequately explained

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

its reasons for both sentences, stated that it had carefully considered the 18 U.S.C. § 3553(a) factors, and referred specifically to some of those factors, including Sanchez's criminal and immigration history, see Feemster, 572 F.3d at 461 (district court need not mechanically recite § 3553(a) factors, so long as it is clear from record that court actually considered them in determining sentence); United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (same for revocation sentence); and it imposed sentences within the Guidelines ranges in both cases, see United States v. Salazar-Aleman, 741 F.3d 878, 881 (8th Cir. 2013) (outlining substantive reasonableness test); United States v. Rubashkin, 655 F.3d 849, 869 (8th Cir. 2011) (sentences within Guidelines range are presumed to be substantively reasonable). Finally, the court did not abuse its discretion by ordering that the sentences be served consecutively. See U.S.S.G. §§ 5G1.3(c), comment. (n.3(C)), & 7B1.3(f); United States v. Cotroneo, 89 F.3d 510, 512 (8th Cir. 1996) (decision to impose consecutive or concurrent sentence upon revocation of supervised release is committed to sound discretion of district court).

An independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues for appeal.

The judgments are affirmed. Counsel's motions to withdraw are granted.

_____