# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2028
_____

United States of America

*Plaintiff - Appellee*

v.

William D. Marshall, also known as B.G.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 12, 2015
Filed: March 17, 2015
[Unpublished]
_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

William D. Marshall pled guilty to distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He appeals as unreasonable the district court's[1]

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

within-Guidelines sentence of 140 months' imprisonment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Marshall does not challenge the Guidelines range of 140 to 175 months. He claims his unfortunate childhood warrants a downward variance. This court reviews a sentence's reasonableness under a "deferential abuse-of-discretion" standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court "abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). This court reverses a district court's sentence as substantively unreasonable—"whether within, above, or below the applicable Guidelines range"—only in the "unusual case." *Id.* at 464 (internal quotation marks omitted). *See United States v. Shirley*, 720 F.3d 659, 665 (8th Cir. 2013) ("[A] sentence within the guidelines is presumptively reasonable on appeal.").

Declining to vary downward, the district court expressly considered the 18 U.S.C. § 3553(a) factors. The court noted Marshall's "unfortunate childhood" but found it did not warrant a variance in light of his "very serious criminal history," his irresponsible behavior during supervision (including failing to attend drug tests and lying to the court), his failed rehabilitation in community programs, and the seriousness of selling cocaine. It was within the court's "wide discretion" and "substantial latitude" to determine the weight of these factors. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013). Marshall relies on *United States v. Stokes*, but does not point to any procedural errors on appeal. *See United States v. Stokes*, 750 F.3d 767, 772 (8th Cir. 2014) (reversing sentence due to procedural error when district court relied on government statement that had no factual support). The

district court did not abuse its discretion in sentencing Marshall to 140 months' imprisonment.

The judgment is affirmed.

_____