# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3068

_____

United States of America,

*Plaintiff - Appellee,*

v.

Eugene Dominic Graziano, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 14, 2016
Filed: August 8, 2016
[Unpublished]

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and MOODY,[1] District
Judge.

_____

PER CURIAM.

---

[1]The Honorable James M. Moody, Jr, United States District Court for the
Eastern District of Arkansas, sitting by designation.

Eugene Dominic Graziano, Jr. appeals the below-Guidelines-range sentence imposed by the district court[2] after he pleaded guilty to one count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (2). Graziano argues that the district court unreasonably failed to account for his reduced culpability in light of his frontotemporal dementia diagnosis, age, health conditions, lack of prior criminal history, voluntary attempts at rehabilitation and success while on supervised pretrial release. At sentencing, the court adopted, without objection, the presentence report's recommended guideline sentencing range of 292 to 365 months, and adjusted it downward because of the statutory maximum of 240 months. Graziano asked for a sentence of 60 months' imprisonment. The court considered all of the factors under 18 U.S.C. § 3553(a), reduced the maximum sentence slightly to afford Graziano a benefit for pleading guilty, and sentenced Graziano to 210 months in prison. The court noted the need to ensure the safety of the community in light of Graziano's dangerousness, the deliberate and methodical manner in which he conducted his crime and the damage he caused to his family and others. The court also considered Graziano's health conditions and concluded that the Bureau of Prisons could adequately provide care for his medical needs.

This court reviews the substantive reasonableness of a sentence for abuse of discretion. United States v. Harlan, 815 F.3d 1100, 1107 (8th Cir.2016). See United States v. Salazar–Aleman, 741 F.3d 878, 881 (8th Cir.2013) (under substantive review, district court abuses its discretion if it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing factors); United States v. Lazarski, 560 F.3d 731, 733 (8th Cir.2009) (when downward variance is granted, it is "nearly inconceivable" that a court abuses discretion in not varying downward further).

---

[2]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Graziano contends that the sentencing court abused its discretion by not giving sufficient weight to the testimony of Dr. Robert Bender, who testified that frontotemporal dementia can be treated with medication. The court considered Dr. Bender's testimony, but observed that he was not a psychiatrist, psychologist, or neurologist, and that he had no specialized training or experience in dealing with the treatment of sex offenders. The court ultimately rejected Dr. Bender's proposal based on the court's judgment that medication was not sufficiently reliable to ensure the safety of the community. In light of the sentencing court's determination that this case was "about as egregious as it gets in the transportation of child pornography realm," we cannot say that the court abused its discretion in declining to vary downward further from the advisory guideline range based on Dr. Bender's testimony.

We conclude that the below-Guidelines sentence was not substantively unreasonable. Accordingly, we affirm the district court.

_____