# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2621

———————————————

United States of America

*Plaintiff - Appellee*

v.

Philip Jason Lampe

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: February 14, 2018
Filed: February 26, 2018
[Unpublished]

——————————

Before GRUENDER, MURPHY, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Philip Lampe directly appeals the sentence the district court[1] imposed after he pleaded guilty to conspiracy to distribute methamphetamine. His counsel has moved

———————————————

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the sentence is substantively unreasonable. In a pro se brief, Lampe also appears to challenge the reasonableness of the sentence; he further contests the district court's drug-quantity calculation and states that he was tricked into pleading guilty.

After careful review, we conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Salazar-Aleman, 741 F.3d 878, 881 (8th Cir. 2013) (discussing appellate review of sentencing decisions). We also conclude that Lampe's drug-quantity challenge is foreclosed because he stipulated to the drug quantity and resulting base offense level that the district court used to determine the applicable Guidelines range. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). To the extent Lampe asserts that he received ineffective assistance of counsel or that his guilty plea was involuntary, we decline to consider these arguments on direct appeal. See United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010) (if defendant did not move to withdraw plea in district court, he may not challenge voluntariness of plea for first time on direct appeal); United States v. McAdory, 501 F.3d 868, 872 (8th Cir. 2007) (this court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____