# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2866

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Edward Clutts, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 16, 2020
Filed: July 9, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.

_____

PER CURIAM.

Thomas Edward Clutts, Jr., pleaded guilty to conspiracy to distribute methamphetamine. The district court[1] varied downward from Clutts's Guidelines range of 360 months to life in prison and sentenced him to 323 months and 25 days. He appeals his sentence, arguing that the district court procedurally erred by imposing an aggravated role enhancement instead of a mitigating role reduction and that his sentence was substantively unreasonable. We affirm.

In reviewing a district court's sentence, we "first ensure that the district court committed no significant procedural error." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). If we find none, we consider the substantive reasonableness of the sentence under an abuse of discretion standard. Id.

Clutts argues that the court committed procedural error by imposing an aggravated role enhancement and denying a mitigating role reduction. Section 3B1.1(b) of the Guidelines provides for a role enhancement for a "manager or supervisor" of criminal activity involving five or more participants, and § 3B1.2(b) provides for a role reduction when a defendant is a "minor participant" in an offense, such that he is "less culpable than most other participants in the criminal activity." Id. at cmt. n. 5. A district court's determination of a defendant's role in the offense is a factual finding we review for clear error. United States v. Keleta, 949 F.3d 1082, 1093 (8th Cir. 2020) (aggravated role); United States v. Salazar-Aleman, 741 F.3d 878, 880 (8th Cir. 2013) (mitigating role). The Government bears the burden to show by a preponderance of the evidence that a role enhancement is merited, and the defendant bears the same burden for a role reduction. See Keleta, 949 F.3d at 1093; Salazar-Aleman, 741 F.3d at 880.

Clutts argues he was a "middle-man" who merely introduced an Iowa methamphetamine distributor, J.T., to suppliers where he lived in California, and cites

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

J.T.'s broader operation and additional suppliers as evidence that his role was limited. This plainly understates his role. At sentencing, DEA Task Force Officer Adam Cirkl testified that, in addition to connecting J.T. with suppliers, he directly delivered methamphetamine to J.T. in California at least once and asked J.T.'s son S.T. to take over the operation when J.T. went to prison. He also recruited a woman, C.G., to ship a package of methamphetamine to K.A., one of J.T.'s associates in Iowa. Clutts accompanied C.G. when she shipped the package, made her give him the wire transfer she received from K.A., and—because the package was returned after J.T.'s arrest—Clutts had her pick it up so he could sell the methamphetamine in California.

On this record, we cannot say that the district court clearly erred in determining that Clutts was a manager or supervisor. We have held that this enhancement can apply if the defendant "managed or supervised only one other participant," or "if the management activity was limited to a single transaction." United States v. Lopez, 431 F.3d 313, 318 (8th Cir. 2005). We find no reason to doubt the court's finding that Clutts met this standard by managing C.G.'s shipment of methamphetamine.

We reach the same result for Clutts's argument that there were fewer than five participants in the conspiracy. He failed to contest this at sentencing, so we review for plain error. United States v. Starks, 815 F.3d 438, 442 (8th Cir. 2016). The record shows that at least Clutts, his suppliers, J.T., S.T., and K.A. all gave "knowing aid in some part of the criminal enterprise." Id. (citation omitted). Also, although C.G. feigned ignorance about what was in the package she sent, circumstantial evidence—including her father's confrontation with Clutts over her involvement and her testimony that she knew Clutts was involved with narcotics—showed she knowingly shipped drugs to Iowa. United States v. Hammerschmidt, 777 Fed. Appx. 171, 173 (8th Cir. 2019) (per curiam) (affirming enhancement where circumstantial evidence showed knowledge of conspiracy). There was no error, plain or otherwise.

We also reject Clutts's argument that a mitigating reduction was warranted. Clutts "is not entitled to reduction [because] he was 'deeply involved' in the offense." United States v. Denton, 434 F.3d 1104, 1115 (8th Cir. 2006) (citation omitted). The district court did not commit procedural error.[2]

Clutts next argues that his below-Guidelines sentence is substantively unreasonable because a different Iowa district court granted a greater variance to his co-conspirator. It is "the unusual case when we reverse a district court sentence . . . as substantively unreasonable," Feemster, 572 F.3d at 464, and it is rarer still for us to do so for a below-Guidelines sentence, see United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) ("[I]t is nearly inconceivable that the court abused its discretion in not varying downward still further."). There is also no requirement that district courts vary downward at all for methamphetamine-related offenses, let alone to the same degree. See United States v. Sharkey, 895 F.3d 1077, 1082 (8th Cir. 2018) (holding that court's decision not to vary downward in methamphetamine context was not an abuse of discretion). The district court here was cognizant of the co-conspirator's sentence and varied downward to minimize the discrepancy. It did not abuse its discretion. We affirm.

————————————————————

————————————

[2]Clutts also argues for the first time that the court miscalculated his sentence, a claim we review for plain error. After noting that it would vary downward the equivalent of one-level for acceptance of responsibility, the court mentioned Clutts's substance abuse and the sentence his co-conspirator received before stating that it was "going to vary downward 3 levels . . . [s]o we're basically back to the 325 to 405 months' range." Sent. Tr. 63. Clutts claims the court's mention of both a one-level and three-level variance shows it meant to vary a total of four levels, but it miscalculated the range. Clutts has not shown plain error. The court's mention of a range matching a 3-level decrease shows it is not "clear and obvious" that it intended to vary four. Starks, 815 F.3d at 442 (error is plain where it is "clear and obvious").