# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2948
_____

United States of America

*Plaintiff - Appellee*

v.

Marco Barraza

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: July 15, 2021
Filed: July 20, 2021
[Unpublished]
_____

Before COLLOTON, GRUENDER, and KOBES, Circuit Judges.
_____

PER CURIAM.

Marco Barraza appeals the judgment entered by the district court[1] after a jury found him guilty of receipt of child pornography. His counsel has moved to withdraw

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), contending that the government did not prove that Barraza knowingly received child pornography. Barraza also challenges the reasonableness of his sentence.

Having considered the record, including Barraza's stipulations, we conclude that a reasonable jury could find that Barraza knowingly received child pornography. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008) (standard of review); *United States v. Schwarte*, 645 F.3d 1022, 1032 (8th Cir. 2011) (discussing the elements of receipt under 18 U.S.C. § 2522(a)(2)). In addition, we conclude that the district court did not impose an unreasonable sentence. The court properly considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication that the court considered an improper or irrelevant factor or committed a clear error in weighing relevant factors. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (discussing appellate review of sentencing decisions). In addition, the court imposed a sentence within the calculated guidelines imprisonment range. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (stating that a within-guidelines-range sentence is presumed reasonable).

To the extent Barraza argues his trial counsel was constitutionally ineffective, such a claim is "more appropriately raised in collateral proceedings." *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion and affirm.

_____