# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2979

_____

United States of America

*Plaintiff - Appellee*

v.

John Earl Beridon, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 15, 2022
Filed: August 8, 2022

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

John Beridon, Jr. was charged in a one-count indictment with possession with intent to distribute 50 grams or more of methamphetamine (actual). 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). He pleaded guilty without a plea agreement. The district

court[1] sentenced him to 96 months in prison. Beridon appeals, arguing the court procedurally erred by denying a mitigating role adjustment, see USSG § 3B1.2, and abused its discretion in imposing a substantively unreasonable sentence. We affirm.

## I. Background

On July 9, 2020, federal agents conducting a warrant search at a Nebraska FedEx facility found 2347.8 grams of methamphetamine in a package shipped Priority Overnight from a FedEx facility in California. They resealed the package with a portion of the narcotics. It proceeded to its intended address and was retrieved by Beridon. Approached by law enforcement, Beridon attempted to conceal the package. Placed in handcuffs, he claimed he was picking up the package for "Tim." Police seized two cell phones incident to Beridon's arrest. Messages downloaded from the phones and records obtained from FedEx and American Airlines revealed that Beridon, living in California, was sent a text directing him to an address near the store from which the package was shipped. Beridon responded by sending his name, date of birth, and email to the unknown sender of the text, who then purchased a ticket for Beridon on a flight to Omaha, Nebraska the day before the package would be delivered. Police confirmed that Beridon was booked on a July 8 flight from California to Omaha.

In calculating the base offense level for Beridon's advisory guidelines sentencing range, the presentence investigation report ("PSR") limited the offense conduct to the charged offense, the quantity of methamphetamine in the package intercepted at the Nebraska FedEx facility on July 9. The government advised that it had no evidence Beridon made similar trips from California in the past or was involved in other methamphetamine distribution activity. The PSR recommended a

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

three-level reduction for acceptance of responsibility. It did not recommend a § 3B1.2 reduction for role in the offense and stated that Beridon "has not satisfied the requirements for safety valve [relief] as of this writing."

Beridon attended a safety valve interview the day before his sentencing hearing. The government advised the court that Beridon met the requirements for safety valve relief in 18 U.S.C. § 3553(f)(5). The district court noted that made him eligible for a variance under the First Step Act, but his criminal history points made him ineligible for an offense level reduction under USSG § 5C1.2.

Regarding the mitigating role adjustment, defense counsel argued "this is a one-time incident," not a conspiracy. Beridon "was given limited information as to what he needed to do." A cousin paid for Beridon's plane ticket to Omaha. His cousin's associate picked Beridon up at the airport and took him to a house to pick up a package. "[A]fter Mr. Beridon picked up that package, he immediately [called his cousin] to let him know that the package was there and he had it." Beridon did not gain from the offense "except for a small amount of money to participate." He was "more of a puppet than a planner," a one-time courier whose low cognitive functioning allowed him to be exploited by others. The government agreed that Beridon "was more or less a mule [who was] just taken advantage of" and left the § 3B1.2 issue to the court's discretion.

The district court found that a role-in-the-offense reduction was unwarranted:

The totality of the circumstances, as detailed in the PSR . . . indicate the defendant's substantial culpability in this [offense].

He was involved in setting up cross-country travel, he got on a plane and traveled, and he accepted the package when he got here. He was more than a minor participant . . . and he was not among the least culpable.

Based on this finding, the district court determined that Beridon's advisory guidelines sentencing range is 135-168 months. It granted a two-level First Step Act safety valve variance, reducing the advisory range to 108-135 months, and then varied downward based on the § 3553(a) sentencing factors and imposed a sentence of 96 months' imprisonment.

## II. The Mitigating Role Adjustment Issue

For an offense in which more than one participant was involved, Section 3B1.2 of the Guidelines authorizes a sliding scale of total offense reductions "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant," § 3B1.2, cmt. n.3(A) -- four-levels if he was a "minimal" participant, two-levels if he was a "minor" participant, and three-levels if his role fell between minor and minimal. "[W]hether a defendant qualifies for a minor participant reduction is a question of fact, the determination of which we review for clear error." United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000) (citation and quotations omitted), cert. denied, 532 U.S. 1031 (2001).

"The propriety of a downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense." United States v. Salazar, 454 F.3d 843, 848 (8th Cir. 2006) (quotation omitted). Because the defendant has the burden to prove eligibility for an offense level reduction, a defendant who "offered no evidence of the relative culpabilities of other participants . . . did not carry [the] burden of proving that he was eligible." United States v. Bueno, 443 F.3d 1017, 1022 (8th Cir. 2006).

Beridon argues the district court clearly erred because there is no evidence he had control or influence over his travel arrangements or the manufacture, packaging,

or ultimate sale of the narcotics. Rather, his low cognitive functioning, the lack of evidence of any previous involvement, and his limited compensation for picking up the package demonstrate he was merely a one-time courier, acting at the direction of other, more culpable offenders.

As the district court recognized, whether Beridon was involved in other drug transactions or was aware of the extent of the broader drug distribution conspiracy the government was then investigating is simply irrelevant. The issue is Beridon's role in the offense of conviction -- possession with intent to distribute the large quantity of methamphetamine intercepted in Omaha on July 9, 2020. The fact that Beridon was "merely a 'mule'" in this criminal activity is relevant but does not entitle him to a minor or minimal role reduction. United States v. Chatman, 119 F.3d 1335, 1341 (8th Cir.), cert. denied, 522 U.S. 976 (1997). As we said in Alverez in affirming denial of a § 3B1.2 reduction for a courier who was arrested while driving a substantial quantity of narcotics from California to the Midwest:

> Even a defendant who is decidedly less culpable than [other participants] is not entitled to the minor participant reduction if he is 'deeply involved' in the criminal acts. . . . Transportation is a necessary part of illegal drug distribution, and the facts of the case are critical in considering a reduction for minor role.

235 F.3d at 1090 (cleaned up); accord United States v. Salazar-Aleman, 741 F.3d 878, 880-81 (8th Cir. 2013).

Here, the sentencing record established that Beridon was "deeply involved" in the possess-with-intent-to-distribute offense to which he pleaded guilty. He helped arrange for cross-country travel from his home in California to Nebraska with instructions to pick up and hold a large quantity of methamphetamine. As in United States v. Garcia, he offered no evidence establishing the relative culpability of participants other than his cousin. 946 F.3d 413, 419 (8th Cir. 2019), cert. denied,

141 S. Ct. 430 (2020). The district court did not clearly err in finding that Beridon was not "substantially less culpable than the average participant" and therefore did not warrant a mitigating role adjustment.

### III. The Substantive Reasonableness Issue

Beridon argues his 96-month sentence was substantively unreasonable, a claim we review for abuse of discretion. See Salazar-Aleman, 741 F.3d at 881. "This deferential standard of review is coupled with a district court's wide discretion . . . to determine how much weight to give the various factors under § 3553(a)." Id. (quotation omitted). At sentencing, the district court determined the advisory guidelines range is 135-168 months' imprisonment. It then granted two downward variances, one because Beridon qualified for a First Step Act safety valve reduction, and the other based on the court's consideration of the § 3553(a) sentencing factors.

Beridon argues the district court "did not go far enough." As we have repeatedly said, "it is nearly inconceivable that once a district court has varied downward, it abuses its discretion in not varying downward even further." United States v. Carrillo, 982 F.3d 1134, 1136 (8th Cir. 2020) (cleaned up). Beridon cites the same mitigating factors that were noted in his PSR, presented at sentencing, and fully considered by the district court, which based the 96-month sentence in part on Beridon's "advanced age, disadvantaged upbringing and the difficulties associated with his physical condition." Beridon's "dissatisfaction with a district court's balancing of the § 3553(a) factors does not indicate that the district court abused its discretion." United States v. Wickman, 988 F.3d 1065, 1067 (8th Cir. 2021).

The judgment of the district court is affirmed.

_____