# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1765
_____

United States of America

*Plaintiff - Appellee*

v.

Jesus Villanueva

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 12, 2025
Filed: July 15, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Jesus Villanueva pled guilty to possessing with intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court[1] denied Villanueva's request for a mitigating-role adjustment,

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

ultimately sentencing him to 235 months' imprisonment. Villanueva appeals, challenging the denial of that adjustment and the substantive reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In March 2023, a deputy from the Seward County, Nebraska Sheriff's Office stopped a vehicle on the interstate. Villanueva was seated in the passenger seat. Inside the car, the deputy discovered approximately 44 pounds of methamphetamine and 2 pounds of fentanyl. The deputy then arrested both the driver and Villanueva and took them into custody. After waiving their Miranda[2] rights, both Villanueva and the driver admitted that they were transporting methamphetamine and fentanyl from Denver to Omaha for distribution. Both men also stated that they had been directed to park the car at a hotel in Omaha, leave for several hours while the car was taken by a third party and returned to the hotel, and then drive back to Colorado. Later, a second search of the car revealed a firearm near the driver's seat.

Villanueva and the driver were indicted on one count of possessing with intent to distribute methamphetamine and fentanyl. Eventually, both defendants pled guilty, with the driver doing so pursuant to a plea agreement with the Government, while Villanueva pled guilty without one. The United States Probation Office then prepared a Presentence Investigation Report (PSR) in advance of Villanueva's sentencing, outlining its recommended calculation of Villanueva's United States Sentencing Guidelines (USSG) range.

Villanueva raised a single objection to the PSR, arguing that he was entitled to a mitigating-role adjustment under USSG § 3B1.2. Specifically, he argued that while he was aware that the drugs were in the vehicle and that the drugs were provided by the cartel, he was unaware of their type or quantity, the scope and structure of any larger criminal conspiracy, or the presence of a firearm in the car.

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

Villanueva also stated that although he assisted in booking hotel rooms for his codefendant, he did not intend to participate in the transport of drugs himself, and that his driver codefendant was the primary courier of the drugs. Villanueva did not present any sworn statements or other evidence in support of his objection.

At sentencing, the district court overruled Villanueva's objection, concluding that Villanueva's alleged status as merely a mule was insufficient to justify such a reduction, particularly when coupled with Villanueva's knowledge that there were drugs in the car and the sheer volume of the drugs he intended to distribute. With Villanueva's objection overruled, the district court adopted the PSR and calculated a Guidelines range of 235 to 293 months' imprisonment before inviting the parties to make arguments in support of their recommended sentences. While Villanueva did not suggest a particular sentence, he urged the court to consider his relatively minimal criminal history and lack of substance abuse, the non-violent nature of his conduct, and his important role in his family. The Government countered that a sentence of 235 months' imprisonment would be appropriate. After considering the appropriate factors from 18 U.S.C. § 3553(a), the district court sentenced Villanueva to 235 months' imprisonment, to be followed by 5 years of supervised release. Villanueva now appeals, asserting that the district court committed both procedural error and imposed a substantively unreasonable sentence.

II.

Villanueva first argues that he was entitled to a mitigating-role adjustment under USSG § 3B1.2. We review a district court's determination that a defendant is not entitled to such an adjustment for clear error. United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000). We will affirm unless we are definitely and firmly convinced that the district court was mistaken. See United States v. Morrow, 50 F.4th 701, 704 (8th Cir. 2022).

Under USSG § 3B1.2, a defendant in an offense with multiple participants who is "substantially less culpable than the average participant" may be entitled to

"a sliding scale of total offense reductions" depending on his relative culpability. See United States v. Beridon, 43 F.4th 882, 885 (8th Cir. 2022) (citing USSG § 3B1.2, comment n.3(A)). "The propriety of a downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense." United States v. Salazar, 454 F.3d 843, 848 (8th Cir. 2006) (citation omitted). The defendant bears the burden of proving his eligibility for a mitigating-role adjustment. United States v. Bueno, 443 F.3d 1017, 1022 (8th Cir. 2006).

At bottom, Villanueva argues that he was merely a courier for the substantial quantity of methamphetamine and fentanyl discovered in the car. Whatever the truth of this statement, it "does not entitle him to a minor or minimal role reduction." Beridon, 43 F.4th at 886 (upholding denial of a reduction where defendant "helped arrange for cross-country travel . . . with instructions to pick up and hold a large quantity of methamphetamine"); see United States v. Chatman, 119 F.3d 1335, 1341 (8th Cir. 1997) (rejecting argument that defendant was entitled to reduction because he was "merely a 'mule'"); Alverez, 235 F.3d at 1090 (noting that "[t]ransportation is a necessary part of illegal drug distribution" (citation omitted)); Salazar, 454 F.3d at 848 (affirming denial where defendant "illegally transport[ed] methamphetamine, ma[de] arrangements with a co-conspirator for delivery . . . [and] dr[o]v[e] . . . across the country" to deliver the drugs); see also United States v. Salazar-Aleman, 741 F.3d 878, 880-81 (8th Cir. 2013) (collecting similar cases).

Further, Villanueva makes no attempt to "compare[] his culpability to that of his co-defendant[]." See Salazar-Aleman, 741 F.3d at 880; see also Bueno, 443 F.3d at 1022 (holding that defendant who "offered no evidence of the relative culpabilities of other participants in the offense . . . [could not] carry his burden of proving that he was eligible" for a § 3B1.2 reduction). Instead, he "emphasizes his involvement was limited" in both duration and scope, but those arguments are insufficient to demonstrate that he was substantially less culpable. See Salazar-Aleman, 741 F.3d at 880-81. On the record before us, Villanueva cannot carry his burden to show that

he is "substantially less culpable than the average participant." See Beridon, 43 F.4th at 885. Accordingly, the district court did not clearly err in denying Villanueva's request for a mitigating-role reduction under USSG § 3B1.2.

## III.

Villanueva also argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. Beridon, 43 F.4th at 886. A district court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Williams, 135 F.4th 1118, 1124 (8th Cir. 2025) (citation omitted). A within-Guidelines range sentence carries a presumption of reasonableness, see United States v. Patterson, 131 F.4th 901, 912 (8th Cir. 2025), and "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable," United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted).

Villanueva largely rehashes his argument that he was entitled to a mitigating-role adjustment, which we have already rejected. He suggests that his Guidelines range with such an adjustment is "far more appropriate than what he was subjected to." But he provides no argument in support, nor does he point to any evidence that the district court "fail[ed] to consider a relevant factor . . . , g[a]ve[] significant weight to an improper or irrelevant factor," or otherwise "commit[ed] a clear error of judgment." Williams, 135 F.4th at 1124 (citation omitted).

He notes that his codefendant—with an identical Guidelines range—entered a plea agreement whereby the Government recommended, and the district court imposed, a below-Guidelines sentence of 210 months' imprisonment. Provided that a district court adequately considers the factors from 18 U.S.C. § 3553(a), however, the fact that sentences may "vary among codefendants" based on differing

circumstances does not make the longer sentence substantively unreasonable. See Patterson, 131 F.4th at 912. Villanueva makes no argument that the district court failed to consider "the need to avoid unwarranted sentence disparities," see 18 U.S.C. § 3553(a)(6), and our review of the record assures us that the district court adequately considered both aggravating and mitigating factors in imposing its sentence. See Salazar-Aleman, 741 F.3d at 881 ("[W]e do not require a district court to provide a mechanical recitation of the § 3553(a) factors" so long as it is "clear from the record that the district court actually considered" them. (citation omitted)). Accordingly, Villanueva has not rebutted the presumption of reasonableness, and the district court did not abuse its discretion in imposing a within-Guidelines sentence of 235 months' imprisonment.

IV.

For these reasons, the judgment of the district court is affirmed.

_____